Michael E. Haglund, OSB 77203
HAGLUND KELLEY HORNGREN JONES & WILDER LLP
1800 One Main Place
101 S.W. Main Street
Portland, Oregon 97204-3226
Phone: (503) 225-0777
Facsimile: (503) 225-1257
e-mail: haglund@hk-law.com

FILED'09 SEP 3 13:14USDC-ORP

Attorneys for Plaintiff


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


**MATT J. TRASCHSEL**,                     Civil No.

       Plaintiff,

          v.                        **COMPLAINT** CV '09 1053      AC

**LITTON LOAN SERVICING, LP**, a
Texas limited partnership; and
**QUALITY LOAN SERVICE CORP OF
WASHINGTON**, a Washington
corporation,

       Defendants.

      Plaintiff alleges:

### FIRST CLAIM
### (Unlawful Trade Practices)

1.

     Plaintiff Matt J. Traschsel is a citizen and resident of the
state of Oregon and at all material times was the owner of a
residence commonly known as 1479 Fifer Heights, Gearhart, Oregon
and legally described as Lot 7, Block 2, FIFER HEIGHTS, Clatsop
County, State of Oregon.

Page 1 - **COMPLAINT**

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226

F:\MEHLH19194.wpd

2.

Defendant Litton Loan Servicing, LP (Litton) is a Texas limited partnership engaged in the business of servicing residential mortgages including that of plaintiff.  Litton's principal place of business is Texas.

3.

Defendant Quality Loan Service Corp. of Washington (Quality Loan) is a Washington corporation engaged in the business of loan servicing and related real estate activities.  Quality Loan's principal place of business is California.

4.

This court has jurisdiction by virtue of diversity of citizenship existing between the parties and the amount in controversy exceeding $75,000.  In this action, plaintiff alleges claims under Oregon's Unlawful Trade Practice Act and for conversion.  Plaintiff seeks restoration of his equity interest in his family home which prior to defendants' illegal action had an equity value at $208,000 or alternatively, damages of $208,000.

5.

Plaintiff grew up in the home described in ¶ 1.  After receiving his mother's one-half interest as a gift, plaintiff in 2005 agreed to purchase his father's one-half interest.

6.

In September, 2005, Fieldstone Mortgage Company Corporation entered into a loan transaction with plaintiff in the amount of $112,000.  Plaintiff used these loan proceeds to purchase the Gearhart residence described above from his father.  The loan was

Page 2 - **COMPLAINT**

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226

F:\MEH\LH19194.wpd

secured by a mortgage and deed of trust in favor of Fieldstone
Mortgage Company.  At the time of the September 2005 transaction,
the appraised value of the Gearhart property was approximately
$300,000.  As of July, 2009, plaintiff's equity in his home was
approximately $208,000.

7.

At some time following the closing of the loan with
Fieldstone Mortgage, plaintiff received notice that Litton had
purchased the loan and that all mortgage payments of principal and
interest were to be forwarded to Litton.

8.

Plaintiff made regular payments of principal and interest to
Litton until he was injured on the job in May, 2007.  Plaintiff
fell behind on his payments and was threatened with foreclosure by
Litton.

9.

Plaintiff and Litton agreed to enter into a Loan Modification
Agreement which was to close in the summer of 2009.  While Litton
was negotiating with plaintiff concerning the terms of the Loan
Modification Agreement, plaintiff received notice by certified
mail that a trustee's sale was advertised and scheduled for May 8,
2009.  Litton repeatedly represented to plaintiff that the sale
would be cancelled in light of the commitment to enter into the
Loan Modification Agreement.

Page 3 - **COMPLAINT**

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226

F:\MEH\LH19194.wpd

10.

Plaintiff was prepared, ready and able to close on the Loan
Modification Agreement in the summer of 2009.  However, in a
letter dated July 28, 2009, plaintiff received notice from Litton
that the time frame for completing the Loan Modification Agreement
had expired.  The letter stated that if foreclosure action had
begun, it would continue unless plaintiff made other arrangements.
Plaintiff tried repeatedly to reach someone via telephone at the
number in the letter dated July 28, but was unable to talk to any
person.  Plaintiff left multiple messages with his telephone
contact numbers, but received no return calls from Litton.

11.

On August 14, 2009, plaintiff received notice that ownership
of his home had been transferred and he subsequently was able to
obtain a copy of a trustee's deed upon sale stating that a
trustee's sale had occurred in Clatsop County on August 7, 2009
and that defendant Quality Loan purchased plaintiff's home for the
sum of $124,960.68.

12.

Upon information and belief, Quality Loan is affiliated with
Litton and participated knowingly in the fraud on plaintiff.

13.

Defendants' actions as alleged above constitute unlawful
trade practices within the meaning of Oregon's Unlawful Trade
Practices Act, ORS 646.607-646.608.  As a result of defendants'
unlawful conduct, title to plaintiff's property has been
fraudulently transferred to defendant Quality Loan, depriving

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226

F:\MEH\LH19194.wpd

plaintiff of his equity in his family home in the approximate amount of $208,000.

14.

The August 7, 2009 trustee sale should be set aside, plaintiff restored to ownership in his family home and granted a reasonable period of time to refinance the mortgage with Litton. Plaintiff is also entitled to an award of his reasonable attorney's fees and costs incurred in this action.

15.

**SECOND CLAIM**
**(Conversion)**

Plaintiff realleges the allegations of paragraphs 1 through 14 above.

16.

Defendants' actions as alleged above constitute conversion of plaintiff's family home, causing him damages in the approximate amount of $208,000.

WHEREFORE, plaintiff prays as follows:

1.   On his first claim, that the trustee's sale of his property be set aside and that plaintiff be restored to full ownership of the property and allowed a reasonable time to refinance his mortgage with defendant Litton;

2.   On his second claim, that plaintiff be awarded damages in the approximate amount of $208,000; and

3.   That plaintiff be awarded his attorney's fees and costs incurred herein.

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226

F:\MEH\LH19194.wpd

DATED this $3rd$ day of September, 2009.

HAGLUND KELLEY HORNGREN JONES & WILDER LLP

By _____

Michael E. Haglund OSB No.77203
Attorneys for Plaintiff
(503) 225-0777

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226

F:\MEH\LH19194.wpd